**Memo Endorsed:** Defendant's request for a stay in this matter is denied. The Clerk of Court is directed to terminate the motions at Docket Numbers 13 and 14.
Dated: May 26, 2022

SO ORDERED.

*Paul G. Gardephe*
_____
Paul G. Gardephe
United States District Judge



THE CITY OF NEW YORK

LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MARTIN BOWE**
Assistant Corporation Counsel
(212) 356-0894

May 24, 2022

<u>VIA ECF</u>
Hon. Paul G. Gardephe
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *D.R. v N.Y.C. Dep't of Educ.* 22-cv-1881 (PGG)(GWG)

Dear Judge Gardephe:

    I am an Assistant Corporation Counsel in the office of Corporation Counsel, Hon. Sylvia O. Hinds-Radix, supervising attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. ("IDEA"), and this action.

    I write to respectfully request a stay of this matter until Your Honor issues a decision on the fully submitted motion for attorneys' fees in the very similar matter, *S.H.W., et. al. v. DOE*, 21-cv-7003 (ECF Nos. 18-36), which presents solely the issue of reasonable attorney fees for the Law Office of Steven Alizio, PLLC ("LOSA").

    Preliminarily, I note that the parties attempted to settle this matter, but were unsuccessful. Thereafter, Defendant served a written offer of settlement on Plaintiff, pursuant to the IDEA, 20 U.S.C. sec. 1415(i)(3)(D),[1] dated May 20, 2022 ("Offer" [2]), which, if more favorable than any

---

[1] Sec. 1415(i)(3)(D) provides as follows:
Prohibition of attorneys' fees and related costs for certain services
(i) In general. Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if—
  (I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
  (II) the offer is not accepted within 10 days; and
  (III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

[2] Plaintiff's total demand as of April 21, 2022 was $20,157.00; Defendant's Offer was in the amount of $17,000.00.

1

award of this Court for fees and costs accrued as of the date of the Offer, will serve to cut off any recovery for work performed beyond that date. Defendant believes that the greatest impediment to settlement at this time is the gap separating the parties' views on what constitutes a reasonable rate for the legal services rendered by LOSA. Mr. Alizio claims an entitlement to a rate of $400/hour, despite having approximately four years' experience as of the filing of this action. Defendant has discussed with Plaintiff that more than a dozen judges of this District have assigned substantially lower hourly rates for IDEA lawyers with significantly more experience than Mr. Alizio.[3]

Plaintiff does not consent to the request for a stay but offered the following rationale for withholding consent: "Plaintiff is opposed to this matter being stayed as Plaintiff does not want to wait indefinitely to have this matter resolved."

However, Defendant's proposal would have, if anything, the opposite effect: it would avoid repetitive motion practice on a reasonable hourly rate for Mr. Alizio in litigation of virtually identical complexity (or lack thereof)[4]; and Your Honor's ruling on a reasonable hourly rate for Mr. Alizio in *S.H.W.* would, in all likelihood, remove the question of a reasonable rate as the largest barrier blocking prompt settlement of this matter once that issue is adjudicated.[5]

Defendant believes the requested stay will allow the parties to resolve this matter expeditiously—without needlessly burdening the Court's resources and without generating unnecessary additional billing—after the Court decides the aforementioned pending motion in *S.H.W.* and assigning Mr. Alizio's hourly rate (which he purports to bill at $400/hour despite having approximately 4 years' experience at the time this federal action was filed).

Accordingly, Defendant respectfully requests a Stay of this matter until the date on which Your Honor issues a Decision in the *S.H.W.,* 21-cv-7003 matter.

Thank you for considering this request.

Respectfully submitted,

_____/s/_____
Martin Bowe
Assistant Corporation Counsel
Peter Germanakos
Special Assistant Corporation Counsel

cc: Steven Alizio, Esq. (via ECF)

---

[3] In *S.H.W.*, at ECF No. 46, Defendant submitted to Your Honor the decision in *R.P. v. New York City Dep't of Educ.*, 21-cv-4054 (JMF), where Judge Furman found the appropriate rates IDEA attorneys Andrew Cuddy (26 years' experience) and Jason Sterne (24 years' experience) to be $375/hour; Kevin Mendillo (11 years' experience) to be $300/hour; and Justin Coretti (9 years' experience) to be $200/hour. See *R.P.* Opinion annexed hereto.

[4] We note that the underlying administrative proceeding in this case was barely contested: the hearing ran just 78 minutes, the DOE presented no witnesses, and while the Parent presented three witnesses, the DOE conducted no cross – facts very similar to those in the pending motion in *S.H.W.* (ECF Nos. 18-36)

[5] The Court previously denied the parties' request to adjourn the Court conference presently set for June 9, 2022 (ECF 12). At the time Defendant submitted that letter motion, we had not considered the appropriateness of a stay in part because Defendant was hopeful at that time that this case might resolve.